**GOINGS, Plaintiff, v. BLACK, Defendant. (Two Cases.)**

Common Pleas Court, Franklin County.

Nos. 202624 and 202625.   Decided January 21, 1960.

Arthur G. Wesner, for plaintiff.
Wright, Harlor, Purpus, Morris & Arnold, for defendant.

## OPINION

By LEACH, J.

In the recent case of **State, ex rel. Crow, v. Weygandt, C. J., 170 Oh St 81,** Mr. J. Harvey Crow sought to be made a party to a case in Fayette County, Ohio, for malicious prosecution on the ground that he had acquired a financial interest in such cause by assignment by the original party plaintiff.   In that case the Supreme Court held that since a cause of action for malicious prosecution does not survive, such cause of action cannot be assigned.

In the opinion of Taft, J., at page 83, it is stated:

"However, we would be less than human if we were not curious as to whether relator can circumvent his disbarment by the acquisition of ·a financial interest' in a pending case. See **9 O. Jur. (2d), 67 et seq., Section 1 et seq.**"

Unfortunately the Supreme Court did not answer this question but predicated its opinion solely on the proposition that an action for malicious prosecution, since it does not survive, cannot be assigned.

In the instant cases we are squarely presented with the question of whether Mr. Crow can circumvent his disbarment by the acquisition of "a financial interest" in a pending case, which does survive, and therefore which ordinarily can be assigned.

The instant cases by husband and wife for alleged personal injuries resulting from an automobile accident are actions for "injuries to person

or property" within the purview of §2305.21 R. C., and thus do survive. From that fact alone we will accept the basic premise that ordinarily therefore such actions are assignable, although obviously not assignable at common law. In this connection see annotation in 40 A. L. R. 2d, 500.

Mr. Crow has filed in each of these actions a motion praying that he be made a party to such cases, together with an affidavit that Mr. and Mrs. Goings had executed assignments to him on September 25, 1958, of a one-half interest in each of their respective claims and granting to Mr. Crow the right to pursue said claim by becoming a party to said action and to collect said interest in said action as he might lawfully do.

In a deposition of Mr. Goings, which has been exhibited to this Court, Mr. Goings testified that after the accident, he went to the office of Mr. Crow who told him that he was disbarred; that Mr. Crow obtained from Mr. Goings the facts about the accident, asked him about injuries to himself and to his wife, etc.; that sometime later he presented to Mr. and Mrs. Goings the petitions which were filed in this case for them to sign; that Mr. Goings does not know who prepared the petitions but knows that he, himself, did not do so although they were filed presumably with each of the parties plaintiff acting as their own attorney; that at the time the petitions were signed, Mr. Crow said that he could not practice law but would get another attorney to take the case over and that he would have to have "a dividend off of it," and that if they would give him half he would get it rolling; that Mr. and Mrs. Goings signed over to Mr. Crow half of their cases with the understanding that Crow would see that the cases got going; that neither Mr. Goings nor his wife paid Mr. Crow anything for what he did other than the purported assignments, and conversely Mr. Crow did not pay to the Goings any money or other thing of value for such assignments.

Mr. Goings further testified that Mr. Crow told them the cases would be filed with them acting as their own attorneys because he was disbarred but that he could help Goings get them going and see them through for him; that Mr. Crow never told them he was trying to become a party in either of the two cases; that later on Mr. Crow turned the cases over to a Columbus attorney.

For a detailed enumeration of the procedural steps resulting in Mr. Crow's disbarment, reference is made to the opinion of Jones, J., of the United States District Court for the Northern District of Ohio, Eastern Division, in the case of Crow, Disbarment of, In re., 82 Abs 71.

In specific answer to the question propounded but not answered in the opinion of Taft, J., in the case of State, ex rel. Crow, v. Weygandt, supra, as to whether Mr. Crow can circumvent his disbarment by the acquisition of "a financial interest" in a pending case, even if otherwise ordinarily assignable, we unhesitatingly declare in the negative.

Such an "assignment" as a "party," in our opinion would be of doubtful legal validity, even if made to a practicing attorney. See 9 O. Jur. 2d, 71; Weakley v. Hall, 13 O. 167; Key v. Vattier, 1 O. 132; Lewis v. Lewis, 15 O. 715, and North Chicago St. Ry. Co. v. Ackley, 171 Ill. 100, 49 N. E. 222.

As to a person whose rights to practice law have been terminated, however, such an assignment for reasons which are almost too numerous to mention, obviously is against public policy and unenforceable.

Furthermore, as we read and understand the Ohio decisions as to contingent fees of attorneys in tort litigation, such are upheld not as assignments in law as "parties," but merely as equitable assignments which cannot be enforced in a suit at law at the instance of the assignee against the tort feasor only. See **P. C. and St. Louis Ry. Co. v. Volkert, 58 Oh St 362** and **Pennsylvania Company v. Thatcher, 78 Oh St 175.**

It should be apparent that if a contingent fee contract of a licensed attorney at law is enforceable only as an "equitable assignment," a contingent fee assignment to a disbarred attorney surely could not be upheld as giving him the right to intervene as a party to the tort action (with the incidental right of representing himself and thus necessarily in actual effect, representing his "client").

The motions of J. Harvey Crow to be made a party to these cases, are overruled. Entry may be prepared accordingly.