GEORGE E. WATERMAN, Appellant, *v.* STATE OF NEW YORK, Respondent. (Claim No. 40040.)

GEORGE E. WATERMAN, as Guardian ad Litem of RICHARD WATERMAN, an Infant, Appellant, *v.* STATE OF NEW YORK, Respondent. (Claim No. 40041.)

RUTH WATERMAN, Appellant, *v.* STATE OF NEW YORK, Respondent. (Claim No. 40042.)

ROGER H. WILLIAMS, Appellant, *v.* STATE OF NEW YORK, Respondent. (Claim No. 40043.)

Fourth Department, July 1, 1963.

*Williams & Ray (Roger H. Williams,* in person, and *Anthony F. Shaheen* of counsel), for appellants.

*Louis J. Lefkowitz, Attorney-General (Gerard R. Gemmette* and *Paxton Blair* of counsel), for respondent.

*Per Curiam.* The claimants appeal from an order of the Court of Claims dismissing their claims on the ground (1) that the claims were not timely filed and (2) that the claims were insufficient in law to state a cause of action.

On September 28 and 29, 1959, a trial had been held in the Court of Claims before Judge HELLER of the three Waterman claims against the State of New York and the New York State Thruway Authority. The claims grew out of an automobile accident which had occurred on June 29, 1957, on the New York State Thruway. On October 27, 1960, Judge HELLER rendered a judgment in favor of the claimants awarding them damages against the Thruway Authority in the total amount of over $61,000. Judgments were accordingly entered November 22, 1960.

Some time during the early part of November, 1960, the official court stenographer who had taken the minutes of the trial, lost the stenographic notes.

The Thruway Authority appealed to this court and moved for an order vacating and setting aside the judgments on the ground that a record could not be prepared in view of the loss of the stenographic minutes. This motion was granted and the judgments were accordingly vacated and set aside, without prejudice to a motion for the reinstatement of the appeal '' if it is found that an adequate record can be presented to this court '' (13 A D 2d 619).

On June 19, 1961, the parties appeared again before Judge HELLER and the case was retried, the parties having abandoned any effort to perfect the appeal from the former judgments. After a retrial, Judge HELLER again decided in favor of the claimants and awarded them substantially the same amounts as he had awarded them in his decision upon the first trial. Judgments were accordingly entered on November 8, 1961, in the total amount of $61,088.11. This time, the Thruway Authority did not appeal, but paid the judgments.

On January 18, 1962, the claimants filed the present claims seeking damages allegedly sustained by reason of the loss by the official stenographer of his notes of the testimony at the first trial. The damages sought consist of (1) the amount of the interest on the former judgments from the date of their entry to the date of the entry of the second judgments, and (2) the expenses of the second trial. The attorney for the claimants also filed a claim on his own behalf seeking damages representing the value of his services in retrying the case.

The court below held that the claims were not timely filed under subdivision 3 of section 10 of the Court of Claims Act.

The statute requires that a claim against the State be filed within 90 days after the accrual of the claim unless the claimant files a written notice of intention to file within that period.

The claims in this case were filed 71 days after the date of entry of the judgments after the second trial and 82 days after the filing of the decision upon the second trial.

"The expression 'claim accrued' is not identical with the expression 'cause of action accrued.' The claim accrues when it matures, and the words 'claim accrued' have the same meaning as 'damages accrued.' " (*Dufel* v. *State of New York,* 198 App. Div. 97, 102; *Edlux Constr. Corp.* v. *State of New York,* 252 App. Div. 373, 374, affd. 277 N. Y. 635.)

The damages were not ascertainable until the date of the filing of the second decision. Until then, it could not be known whether the necessity for a second trial caused by the loss of the stenographer's minutes would result in any damage to the claimants, or how much the damage would be. The total amount of the awards might have been so much greater than the original awards that there would be no damage, or the total awards might have been considerably less than the original awards, in which case the damages would have been much greater than they in fact turned out to be. Under these circumstances, we think it is proper to apply the principle laid down in the Court of Claims cases that, in the case of continuing injury, the extent of which is presently unascertainable, the claim is not deemed to have accrued until the extent of the damages can be ascertained (*Moltion* v. *State of New York,* 193 Misc. 850, affd. 277 App. Div. 835, affd. *sub nom. Taylor* v. *State of New York,* 302 N. Y. 177, 185; *Edlux Constr. Corp.* v. *State of New York,* 252 App. Div. 373, affd. 277 N. Y. 635, *supra*; *Morrison & Quinn* v. *State of New York,* 204 App. Div. 623, 627; *Paduano* v. *State of New York,* 203 App. Div. 503; *Dufel* v. *State of New York,* 198 App. Div. 97, *supra*; *Allen* v. *State of New York,* 208 Misc. 385, 389; *Di Laura* v. *State of New York,* 169 Misc. 912; see, also, *Consiglio* v. *State of New York,* 247 App. Div. 832; Davison, Claims Against the State, § 27.07, pp. 230–231). While this was not a case of continuing injury, the principle laid down in the cited cases may fairly be applied here. We therefore hold that the claims were timely filed.

We cannot agree with the theory of the court below that the claims are insufficient in law because the stenographer's negligence was not the proximate cause of the damage. The question of proximate cause, under the circumstances of this case, is a question of fact to be decided after a full development of the facts. The court below seems to have felt that the damages

were speculative and conjectural since the Appellate Division might have reversed the decision in favor of the claimants even if a proper record had been perfected but it seems to us that this is the wrong way to look at the case. The loss of the minutes was the direct proximate cause of the need for a new trial. The damages in the way of loss of interest and expenses of retrial were consequences of the stenographer's negligence. The liability thus established prima facie cannot be escaped by speculating that the damage might have occurred anyway. ''It is not enough to speculate 'that the same harm might possibly have·been sustained had the actor not been negligent' (Restatement, Torts, § 432, comment c). The negligent act must be regarded as one of the actual causes of the injury if it was a substantial factor in bringing the injury about (Restatement, Torts, § 431) '' (*Rugg* v. *State of New York,* 284 App. Div. 179, 182).

The Attorney-General seeks to sustain the dismissal of the claims upon a ground rejected by the court below, namely, that the negligence of the court stenographer cannot be made the basis of a claim against the State because he is a judicial officer for whose conduct the State is not liable. It seems clear that a court stenographer is not a judicial officer within the meaning of the cases holding that the State is not responsible for the acts of judicial officers. There may be a question as to whether the stenographer should be treated as an independent contractor rather than as an employee of the State. The exact nature of. the relationship of the stenographer to the State is in need of further development upon a trial. It appears that the stenographer also served as a Deputy Clerk of the Court of Claims. By what authority, statutory or otherwise, he was given this title does not appear. In any event, the question of whether the State is liable for the stenographer's negligence under the principle of *respondeat superior* presents a question of fact which cannot be summarily disposed of on a motion to dismiss.

With respect to the attorney's separate claim for the value of his services in connection with the second trial, other considerations may be involved but they, too, should be explored upon a plenary trial.

We may assume that the retainer of the attorney was on a contingent fee basis, without any provision for additional compensation in the event of a second trial, since that is the common form of retainer in negligence cases. At least we may assume that to be the fact for the purpose of the motion to dismiss, since upon such a motion the claimant is entitled to the most favorable

view of his claim. The claims of the three original claimants do not include any amount for attorney's services. If upon the trial it appears that the retainer was of the type indicated, the attorney will be entitled to maintain that the damage was a reasonably foreseeable consequence of the negligence of the Court of Claims stenographer.

The order appealed from should therefore be reversed and the motion to dismiss the claims should be denied.

WILLIAMS, P. J. The dismissal of the claim of Roger H. Williams should be affirmed. The only position that Williams occupies is that of attorney for his clients Waterman. He was not a party to the original action, but merely the representative of the Watermans. As such he has no personal claim against the State of New York. In our opinion the court reporter owed him no duty whatsoever. His right to a fee flows only from his relationship to the Watermans and not from any relationship he had with the State of New York. There is nothing in the claim that discloses whether his contract with his client is contingent or otherwise and we may not speculate as to this. In any event being an attorney he must look to his own clients for payment of his fees and expenses and this is so whether his retainer is contingent or whether his client has agreed to pay him the reasonable value of his services.

It has been said: "Furthermore, as we read and understand the Ohio decisions as to contingent fees of attorneys in tort litigation, such are upheld not as assignments in law as 'parties', but merely as equitable assignments which cannot be enforced in a suit at law at the instance of the assignee against the tort feasor only" (*Goings* v. *Black,* 164 N. E. 2d 925, 927 [Ohio]).

The California case of *Hendricks* v. *Superior Court* (197 Cal. App. 2d 586, 589) states:

"An attorney's contingent fee contract does not operate to transfer part of the cause of action to the attorney but only gives him a lien on his client's recovery  *  *  *  He thus has no right to intervene in the main action.  *  *  *

"Compensation must be sought in an independent action by the attorney against the client, and not by application to the court in which the litigation is pending."

In Texas the rule appears to be: "If we were to adopt respondents' position in the present case, the effect would be that an attorney is no longer merely the legal representative of his client. Instead, in every case where the attorney has a contingent fee contract, he would be more akin to a coplaintiff,

which would seem to necessitate our overturning the long-standing principle of *Winston* v. *Masterson* (87 Tex. 200, 27 S. W. 2d 768, *supra*). We are not inclined to do so; but this represents just another difficulty encountered if we overindulge in the notion that the attorney with a contingent fee is litigating two distinct, independent interests at the same time." (*Dow Chem. Co.* v. *Benton*, 357 S. W. 2d 565, 568 [Texas].) (See, also, *Matter of City of New York [United States of America-Coblentz]*, 5 N Y 2d 300, 306–307, dissent p. 315; *Matter of Wise*, 172 App. Div. 491; *Matter of Ellis* v. *Mitchell*, 193 Misc. 956, affd. 275 App. Div. 767; *Serat* v. *Smith*, 61 Hun 36; 1 Carmody-Wait, New York Practice, p. 347; 3 N. Y. Jur., Attorney and Client, § 105, pp. 516–517.)

Permitting claims of this type by attorneys could open the door to many types of claims and contentions against which it would be very difficult for parties and others to guard or protect themselves.

Furthermore, it is to be noted that each of the parties Waterman alleges that claimant was "unnecessarily obliged to incur the expense of a second trial." This item, which is the substance of each claim, undoubtedly includes additional attorney's fees. If so, this results in a duplication of claims.

We have no doubt that if the Watermans have incurred additional expenses for attorney's fees because of the negligence of the reporter, they have a claim against the State for the resulting damages. However, they are the ones to assert the claim for additional legal expenses and not the attorney himself. He personally has no standing.

The claim of Williams should be dismissed.

BASTOW and HALPERN, JJ., concur in *Per Curiam* opinion. WILLIAMS, P. J., concurs as to all claims except the claim of Williams, and as to that claim votes to affirm the order dismissing the claim in opinion in which GOLDMAN and McCLUSKY, JJ., concur.

Order as to the three Waterman claimants unanimously reversed, without costs of this appeal to any party, and motion to dismiss as to said claimants denied, without costs. Order as to claimant Williams affirmed, without costs.