RAPHAEL ORTIZ, Respondent, *v.* KINOSHITA & CO., LTD., et al., Appellants.

First Department, July 11, 1968.

*William F. McNulty* of counsel (*J. Robert Morris*, attorney), for appellants.

*Benjamin H. Siff* of counsel (*Morris Eisen*, attorney), for respondent.

McNALLY, J. In this action for personal injuries, defendants appeal from an order directing an assessment of damages following a verdict for plaintiff on the issue of liability.

On November 28, 1963, at about 4 A.M., plaintiff was operating his bicycle in an easterly direction on the left hand, northerly side of the 97th Street transverse road of Central Park in the Borough of Manhattan. Defendants' automobile was pro-

ceeding westerly and collided with plaintiff's bicycle. It is undisputed that plaintiff and his bicycle were on the left side. The evidence presented an issue of fact as to whether the bicycle was equipped with a light.

Subdivision (a) of section 1234 and subdivision (a) of section 1236 of the Vehicle and Traffic Law read as follows:

" § 1234. Riding on roadways and bicycle paths. (a) Every person operating a bicycle upon a roadway shall ride as near to the right side of the roadway as practicable, exercising due care when passing a vehicle or bicycle standing or proceeding in the same direction.

" § 1236. Lamps and other equipment on bicycles. (a) Every bicycle when in use during the period from one-half hour after sunset to one-half hour before sunrise shall be equipped with a lamp on the front which shall emit a white light visible for a distance of at least five hundred feet to the front and with a red reflector on the rear of a type approved by the commissioner which shall be visible from all distances from fifty feet to three hundred feet to the rear when directly in front of lawful upper beams of head lamps on a motor vehicle. A lamp emitting a red light visible to the rear may be used in addition to the red reflector."

The trial court's charge, duly objected to, submitted to the jury for its determination the issue whether plaintiff's violation of said statutes constituted negligence. This was substantial error. The violation of section 1234 is undisputed, and plaintiff denied violation of section 1236. Defendants were entitled to a charge that plaintiff's violation of section 1234 constituted negligence; in addition, if the jury found plaintiff's bicycle was without a lamp, he was in violation of section 1236 and, therefore, negligent in both respects. However, the fact that plaintiff was negligent does not mean that his negligence bars him from recovery. It must also appear the negligence was a proximate or contributory cause of the accident. In the case at bar, the statutory violations were prima facie contributory negligence, to be overcome by plaintiff. (*Martin* v. *Herzog*, 228 N. Y. 164; *Rees* v. *Grandelli*, 28 A D 2d 565, affd. 21 N Y 2d 946.) The jury should have been told not only that the violations of the statute constituted negligence on the part of plaintiff " but that it was ' *prima facie* evidence of contributory negligence ', i.e., that it was sufficient in itself unless its probative force was overcome * * * to sustain a verdict that decedent was at fault." (*Martin* v. *Herzog, supra,* p. 171.) The minority opinion fails wholly to distinguish or ignores the distinction between negligence and negligence which contributed to the happening of

the accident, and by disjunctive phrasing, purports to find a lack of clarity herein when none really exists. Suffice it to say we have outlined the correct charge with particularity if the cause is retried. As for the statement in the minority that "this is not a *Martin* v. *Herzog* case, factually", the record demonstrates beyond peradventure that the learned Trial Justice showed comprehensive knowledge of the principle stated therein by Judge Cardozo and made a commendable effort to apply those principles in his charge. Circumstances are not present suggesting that compliance with the statutes would have aggravated rather than reduced the risk of an accident. (Cf. *Tedla* v. *Ellman,* 280 N. Y. 124.)

The record indicates the jury was confused on the subject of contributory negligence, since the following question was submitted to the court some two hours after the jury began its deliberations: "The jury would like to have approximate [meaning proximate] cause explained to them again. We would like to have contributory negligence explained also." The learned court charged on the subject and the jury again retired. Some four and one-half hours later, it transmitted a second note to the court, reading as follows: "The jury would like a clarification and amplification of what appears to them to be a contradictory instruction, viz: ' Negligence, however slight ' on the part of the plaintiff, will be sufficient to bar recovery, providing it is substantial ". The additional charge in response fell just short of the mark.

We have had occasion recently to address ourselves to the subtleties inherent in the use of the word "substantial", since they are often so fine, tenuous and delicate they elude perception or understanding. In this connection, on the issue of proximate cause, we held, in *Bacon* v. *Celeste,* 30 A D 2d 324, 325, 326 (Eager, J.) as follows:

"The term ' substantial factor ' may be used in a charge in a negligence case only in relation to a proper and adequate discussion of the issue of causal relation or proximate cause. In this connection, the term ' substantial ' is used to denote the fact that negligence, in order to support a recovery, should have ' such an effect in producing the harm as to lead reasonable men to regard it as a cause '. (Restatement, 2d, Torts, vol. 2, § 431; see, also, PJI 2:35, p. 128; *Klein* v. *Herlim Realty Corp.,* 184 Misc. 852, affd. 269 App. Div. 934; *Waterman* v. *State of New York,* 19 A D 2d 264, affd. sub nom. *Williams* v. *State of New York,* 14 N Y 2d 973.) Thus it may be technically correct to say that contributory negligence is not considered as a proximate cause of a plaintiff's injury unless it was a ' substantial factor ' in producing the injury, but it is also true that any negligence on the part of a

plaintiff which contributes to cause the injury, precludes a recovery by plaintiff whether or not such negligence is 'substantial' in a degree. The subtleties involved in such a statement, without elaboration, are, however, too refined to be grasped by the ordinary jury.

"Although a charge may be substantially correct as stating the applicable law, it is important that it be reduced to terms likely to be understood by the jury. (See *Cohon & Co.* v. *Pennsylvania Coal & Coke Corp.*, 10 A D 2d 667.) Where, as here, a charge is so inadequate or of so confusing a character as to preclude fair consideration by the jury, a resulting judgment will be reversed and a new trial ordered in the interests of justice. (See *Molnar* v. *Slattery Contr. Co.*, 8 A D 2d 95, 100; *U. S. Vitamin & Pharm. Corp.* v. *Capitol Cold Stor. Co.*, 21 A D 2d 661.)"

We believe that the jurors' questions should have been answered in conformity with the above, and the failure to do so was error.

The order should be reversed on the law and the facts and a new trial ordered, with costs to abide the event.

McGIVERN, J. (dissenting). The Trial Judge exhibited a complete familiarity with the legal principles involved; he was alive to the subtle distinctions of the "jural niceties" presented, and he patiently and repetitively expounded them over and over again. From his first pronouncement of the applicable law, on the first motion to dismiss, to his last utterance, he displayed a marked knowledge of the pertinent cases, to the point of paraphrase. The consistent burden of his theme was that the plaintiff may have violated the statutes, but the violation in and of itself was not sufficient to defeat recovery, unless the jury also found it to be a contributory cause of the accident and that the accident was not solely due to the culpable driving of the defendant, who did not testify.

Although, to the *cognoscenti,* these may be simple concepts, they are not easy to explain to a jury of laymen. This specific problem has been noted by appellate courts before. "The profession has had difficulty enough in integrating these concepts and they are not easy to explain to juries in simple words" (BERGAN, J., in *Miller* v. *Hine,* 281 App. Div. 387, 392).

The mere fact the jury sent two communications to the court, is to me, far from proof positive they were confused. To the contrary, from the tenor of their questions, they displayed a more than ordinary acumen. In one instance, they recognized a seeming contradiction, relating to contributory negligence, and the Judge clarified it for them. If they had not sent these

communications, would we then affirm? I think the view of the majority is hypertechnical and that it renders no clarifying service.

It is to be noted that in one place, the majority say: " Defendants were entitled to a charge that plaintiff's violation of section 1234 constituted negligence ". In a later sentence, it is said that in addition " * * * it was ' *prima facie* evidence of contributory negligence ', i.e., that it was sufficient in itself unless its probative force was overcome * * * to sustain a verdict that decedent was at fault " citing *Martin* v. *Herzog* (228 N. Y. 164). In the first place, no request for such a charge was made, and for failure to so charge, no exception was noted. And this is not a *Martin* v. *Herzog* case, factually. That involved (p. 170) " a collision occurring more than an hour after sundown between a car and an unseen buggy, proceeding without lights ", which the court stated was " evidence from which a causal connection may be inferred between the collision and the lack of signals." And the court further said (p. 170): " If nothing else is shown to break the connection, we have a case, *prima facie* sufficient, of negligence contributing to the result." However, the court also noted (p. 170): " There may indeed be times when the lights on a highway are so many and so bright that lights on a wagon are superfluous. If that is so, it is for the offender to go forward with the evidence, and prove the illumination as a kind of substituted performance." This was precisely the posture of the plaintiff's proof. The unrefuted testimony tells us the tunnel was so well illuminated by neon lights that one could read a newspaper, and that one looking into the tunnel would " be able to see every bit of it and everything in it "; and further, that the plaintiff was standing still at the time he was struck by the defendant traveling at an excessive and unlawful rate of speed. Under these circumstances, to say the plaintiff was guilty of prima facie contributory negligence, as stated in the majority opinion, is not fitting. The actual circumstances here present indicate compliance with the statutes would not have avoided the accident.

In my view, if the Trial Judge had acceded to the request of the defendants' counsel that he charge the statutory violation to be negligence per se, then he would have fallen into error. In *Miller* v. *Hine* (281 App. Div. 387, *supra*), the learned Trial Judge did just that, and he was reversed. Said the Appellate Division (p. 392): " but the naked statement that such a violation is negligence per se is erroneously unfavorable to the plaintiff given without adding the necessity of a showing by defendant, in pursuance of his burden of proof, of the existence

of a chain of causation ''. And similarly, HALPERN, J., in a concurring opinion, in the same case, said (p. 394): '' Furthermore, the court's final word to the jury that if they found a violation of the statute, it would constitute negligence per se on the part of the decedent, may well have created a misleading impression. While the statement was accurate as far as it went, it did not go far enough. The court should have explained to the jury that a recovery by the decedent would still not be barred unless they also found that the statutory violation was a proximate cause of the accident.'' (See, also, *O'Neill* v. *Hamill*, 22 A D 2d 691.)

The other error assigned to the Trial Judge by defendant's brief is that the court should have ruled as a matter of law that the violation was a proximate cause of the accident. This too is fallacious. As Judge LEHMAN said in *Tedla* v. *Ellman* (280 N. Y. 124, 134) a case involving the Vehicle and Traffic Law: '' What is a contributing cause of an accident is usually a question for a jury, to be determined by the facts of a particular case. * * * Under those circumstances [the possibility of a finding that a pedestrian could not have avoided the accident even if he had faced oncoming traffic as required by statute] the question of proximate cause, as well as the question of negligence, was one of fact.'' And again, in *Miller* (*supra,* p. 394), which also involved the Vehicle and Traffic Law, HALPERN, J., said: '' The remaining element of the defense would still be open for the jury's consideration, namely, the question of whether the decedent's negligence (using that term in the narrow sense of a breach of duty) was a proximate cause of the accident.''

Finally, the verdict was well within the credible evidence. The record indicates, as noted above, the plaintiff had come to a stop prior to the accident, and the defendant (who for no satisfactory reason, did not testify) was traveling beyond the speed limit, and his reckless driving, for which he was convicted, caused the accident. In a day of overcrowded calendars, in my view, we should not direct a new trial in a simple motor vehicle case, because the jury asked two questions pertaining to some time-worn nomenclature, which questions were correctly answered by an experienced Trial Judge. As for the words '' substantial factor '', they have found favor with the New York Pattern Jury Instructions and the Restatement, and even EAGER, J., in *Bacon* v. *Celeste* (30 A D 2d 325) declares: '' The term ' substantial factor ' may be used in a charge in a negligence case only in relation to a proper and adequate discussion of the issue of causal relation or proximate cause.''

Thus, I dissent and would affirm.

S TEUER, J. P., C APOZZOLI and R ABIN, JJ., concur with M C N ALLY, J.; M C G IVERN, J., dissents in opinion.

Order entered on February 5, 1968, reversed on the law and on the facts, with $50 costs and disbursements to abide the event, and a new trial ordered.