OPINION OF THE COURT
William D. Friedmann, J.
This motion for summary judgment (CPLR 3212), places in focus, whether a purchaser of a motor vehicle without notice of a lien perfected under the Uniform Vehicle Certificate of Title Act (Vehicle and Traffic Law, art 46) is entitled to priority and possession over the lienholder, whose lien was improperly satisfied, released and omitted from notation, on the certificate of title, by the Department of Motor Vehicles.
CONTENTIONS
Defendant bank in support of the motion maintains that its repossession was proper pursuant to the security interest granted to it by the original purchaser and then perfected under both article 46 of the Vehicle and Traffic Law and article 9 of the Uniform Commercial Code.
In opposition, plaintiff (last purchaser) relies upon the clear certificate of title issued pursuant to the Uniform Vehicle Certificate of Title Act to both his transferor and then to him (prior to seizure), by the Department of Motor Vehicles (hereinafter called DMV). Further, that under such circumstance, the defendant lienholder improperly seized and sold the vehicle without giving him proper notice.
*772 UNDERLYING FACTS
Most of the underlying facts do not seem to be in dispute: to facilitate the purchase of a 1978 Chevrolet, the original purchaser (purchaser A) entered into a retail installment agreement with the dealer. On the same day the dealer assigned the contract to defendant. Defendant bank promptly perfected its security interest in the vehicle. (Vehicle and Traffic Law, § 2118.) Purchaser A then defaulted in his payments. At or about the same time, the vehicle was impounded by a city marshal pursuant to a judgment obtained by the City of New York (parking violations bureau), for unpaid parking tickets. The vehicle was then sold to purchaser B at public auction, subject to all liens, etc. Defendant bank was never notified of the sale. Thereafter, the DMV issued a certificate of clear title with no mention of defendant’s lien. (Vehicle and Traffic Law, § 2107.) Approximately two years later, purchaser B sold the vehicle to plaintiff (purchaser C). Again the DMV issued a certificate of clear title with no mention of defendant’s lien. Two years later after plaintiff’s (purchaser C) purchase defendant seized the vehicle. (Uniform Commercial Code, § 9-503.) The facts concerning notice to plaintiff prior to seizure and sales are in dispute, but these contentions do not seem relevant to the central issue and therefore are not discussed.
THE LAW
The Uniform Vehicle Certificate of Title Act (Vehicle and Traffic Law, art 46) in effect in New York since July 1, 1972, requires the obtaining of a certificate of title (Vehicle and Traffic Law, § 2104). It had as its primary purposes the protection of both purchaser and those financing the purchase of motor vehicles (7 NY Jur 2d, Automobiles & Other Vehicles, §§ 220-240, pp 429-447).
Obtaining a certificate of title (such as held by plaintiff purchaser) for a motor vehicle in New York State is necessary for registration, renewal of registration and transfer. Issuance and transfer of such certificate is covered by the Uniform Vehicle Certificate of Title Act (Vehicle and Traffic Law, art 46) and it is administered by the Department of Motor Vehicles. (15 NYCRR 20.1-20.35.)
*773 In addition to the issuance of certificates of title, article 46 of the Vehicle and Traffic Law provides the exclusive procedure for perfecting and giving notice of motor vehicle security interests. (Vehicle and Traffic Law, § 2123.) This procedure is also administered by the DMV. Defendant lienholder perfected its security interest pursuant to article 46 and in compliance with article 9 of the Uniform Commercial Code.
Even though the issuance and transfer of certificates of title and the perfection of lien effecting them are administered by the DMV, any dispute as to priority of interests with respect to security interests, the recording and filing of liens and releases and noting of liens on title certificates are subject to determination in civil judicial proceedings (see 15 NYCRR 20.19).
Initial inquiry requires examination into the effect of an issued certificate of title. (Vehicle and Traffic Law, § 2108.) Such certificate is not conclusive proof of ownership. It is only prima facie evidence of ownership of a vehicle and of the other facts stated in the certificate (Vehicle and Traffic Law, § 2108, subd [c]). In other words a certificate of title (as well as a certificate of registration of a motor vehicle) is merely prima facie evidence of ownership which presumption is always rebuttable. (Matter of Emergency Beacon Corp., 665 F2d 36, 41.)
Plaintiff’s certificate being only prima facie evidence of ownership, with the notation of defendant’s perfected lien missing therefrom, it is rebutted by defendant’s lien claim, as substantiated by the records on file with the DMV. Such records clearly show a lien in favor of the defendant lien-holder perfected on April 12, 1978. (Vehicle and Traffic Law, § 2123.)
The DMV’s explanation below, for the missing notation of defendant’s perfected lien, from the certificates of title of both plaintiff and his predecessor in interest is pertinent and requires further inquiry. “Previous to March 7, 1979, our office did satisfy lien on Marshall’s [sic] Bill of Sale. Unfortunately, on June 20, 1979 someone inadvertantly [sic] released the Bank of New York’s lien on the 1978 Chevrolet”.
*774 It is clear that neither a satisfaction of lien (15 NYCRR 20.17) nor release of security interest (Vehicle and Traffic Law, § 2121) can be properly removed by the DMV without the affirmative involvement of the lienholder.
The defendant lienholder here had neither notice of nor participated in such actions.
Clearly whether labeled as “inadvertence”, or otherwise, when the employees of the DMV improperly satisfied and released defendant’s lien and issued a certificate of title to both plaintiff and his predecessor, without disclosing defendant’s perfected lien, under the Uniform Vehicle Certificate of Title Act (Vehicle and Traffic Law, art 46), this was an error committed in the performance of a ministerial duty and constituted an admission of negligence. (Hudleasco, Inc. v State of New York, 90 Misc 2d 1057, 1062.)
However, the proper forum to address the negligence of the DMV is in the Court of Claims. Subdivision 4 of section 10 of the Court of Claims Act requires that a written claim be filed within six months after accrual of a claim. It would seem that any reasonable construction of this section would conclude that the claim based upon records exclusively in the possession and control of the DM V, did not accrue until discovery in August, 1982: not when the administrative negligence first occurred in March or June, 1979.
The correspondence exchanged between the plaintiff, defendant and the DMV during August through November, 1982 further indicates that it should be considered either as a section 10 notice of claim or as a notice of intention to file a claim, thus allowing filing within two years after accrual.
CONCLUSION
The defendant lienholder had the right to foreclose its perfected security interest (Vehicle and Traffic Law, § 2118) regardless of the administrative negligence of DMV. (Exchange Nat. Bank of Tampa v State of New York, 88 Misc 2d 444; see Uniform Commercial Code, § 9-503.)
The records of the DMV show the perfected lien of defendant. The plaintiff, even though it made its purchase in reliance upon the erroneous certificate of title, issued by *775 the DMV, stands in no different position than the original purchaser or this predecessor in interest who purchased at the marshal’s sale. Plaintiff has been injured by the actual negligence of the DMV. Sufficient notice or intention to file a claim appears to have been given DMV by plaintiff. Summary judgment as to liability would seem to be in order in the Court of Claims. That issue shouldn’t even be contested by the State of New York as DMV’s negligence arose from a ministerial act in the performance of its employees’ duties and is therefore actionable (see Hudleasco, Inc. v State of New York, 90 Misc 2d 1057, 1062, supra; Rosario v State of New York, 33 AD2d 122, 123; Waterman v State of New York, 19 AD2d 264).
Accordingly, defendant’s motion for summary judgment is granted.