**In re Danielle LANDRY, Debtor.**

**Bankruptcy No. 93–20858–WCH.**

United States Bankruptcy Court,
D. Massachusetts.

March 29, 1994.

Kirk P. Rothemich, Iacoi & Dawley, P.C., Boston, MA, for Shawmut Bank, N.A.

John O. Desmond, Framingham, MA, trustee.

### *MEMORANDUM DECISION REGARDING MOTION TO LIFT AUTOMATIC STAY AND REQUEST FOR AUTHORIZATION TO REPOSSESS COLLATERAL*

WILLIAM C. HILLMAN, Bankruptcy Judge.

Debtor purchased a 1992 Honda Accord on August 22, 1992, and entered into a motor vehicle installment agreement with Shawmut Bank, N.A. (the "Bank"). On September 15, 1992, she registered the motor vehicle in New Hampshire and listed the Bank as the lienholder on the application for a title certificate. The record is not clear as to whether the Bank appeared on the New Hampshire certificate as issued, but I will assume that it did.

Debtor later moved to Massachusetts, and on March 4, 1993, applied for a new title in Massachusetts. The Massachusetts application form requires the lien holder's name and

address and the date of the lien. While the Bank was listed as the lienholder of record on the application, the space for the date of the lien was left blank.

On March 26, 1993, Massachusetts issued a certificate of title which listed no lienholder.

On December 7, 1993, Debtor filed a voluntary petition under Chapter 7 of the Code. On January 13, 1994, the Bank filed the present motion.

The trustee filed an objection asserting that the Bank's security interest in the motor vehicle was unperfected as the Bank was not listed on the Massachusetts certificate of title. After hearing I took the matter under advisement.

This memorandum decision constitutes my findings of fact and conclusions of law.

## DISCUSSION

A trustee in bankruptcy has, as of the commencement of the case, the status of a hypothetical judicial lien creditor and is empowered to avoid any transfer of property of the debtor that could be avoided by such a creditor. *Fruehauf Corp. v. M.G. Sherman (In re Gringeri Bros. Transportation Co., Inc.)*, 14 B.R. 396, 399 (Bankr.D.Mass.1981). Once the trustee has assumed the status of a hypothetical lien creditor, state law is used to determine whether a security interest in a motor vehicle has been perfected against the trustee. *Id. See also In re Cushman Bakery*, 526 F.2d 23, 27–28 (1st Cir.1975), *cert. denied*, 425 U.S. 937, 96 S.Ct. 1670, 48 L.Ed.2d 178 (1976); *Robinson v. Howard Bank (In re Kors, Inc.)*, 819 F.2d 19, 22–23 (2d Cir.1987).

In Massachusetts, the perfection of a security interest in a motor vehicle is governed by M.G.L. c. 106, the Uniform Commercial Code ("UCC"), and by M.G.L. c. 90D, the Motor Vehicle Certificate of Title Act ("Chapter 90D"). UCC § 9–302(3) and (4) provide:

"(3) The filing of a financing statement otherwise required by this Article is not necessary or effective to perfect a security interest in property subject to—

"(b) chapter ninety D; ... or

"(c) a certificate of title statute of another jurisdiction under the law of which indication of a security interest on the certificate is required as a condition of perfection (subsection (2) of section 9–103).

"(4) Compliance with a statute ... described in subsection (3) is equivalent to the filing of a financing statement under this Article, and a security interest in property subject to the statute ... can be perfected only by compliance therewith except as provided in section 9–103 on multiple state transactions. Duration and renewal of perfection of a security interest perfected by compliance with the statute ... are governed by the provisions of the statute ...; in other respects the security interest is subject to this Article."

Chapter 90D tells us that

"A security interest in a vehicle for which a certificate of title is issued under this chapter is perfected by the delivery to the registrar of the existing certificate of title, if any, an application for a certificate of title containing the name and address of the lienholder *and the date of his security agreement* and the required fee. It is perfected as of the time of its creation if the delivery is completed within ten days thereafter, otherwise, as of the time of the delivery." Mass.Gen.L. c. 90D, § 21 [emphasis added].

The Bank argues that its security interest in the motor vehicle is duly perfected because it delivered to the Massachusetts registrar an application for title containing "all of the necessary information." The Trustee contends that perfection did not occur because the Massachusetts certificate of title did not list the Bank as a lienholder.

On its face § 21 of Chapter 90D supports the Bank's position that delivery of an application for a certificate of title listing the required information and accompanied by the required fee is sufficient to perfect a lien, notwithstanding that the certificate of title thereafter issued failed to list the lienholder. However, the date of the lien was not listed on the application involved here as required by the statute.

The Supreme Judicial Court made the decision even more certain against the Bank when it decided in *City of Boston v. Rockland Trust Co.* that §§ 21, 22, and 26 of Chapter 90D combine to require something more and that "the exclusive method of perfecting a security interest in a motor vehicle is through notation of the lien on a valid certificate of title." 391 Mass. 48, 51, 460 N.E.2d 1269, 1271 (1984). *See also General Motors Acceptance Corp. v. Waligora*, 24 B.R. 905, 907 (W.D.N.Y.1982).

 One last point should be mentioned. The vehicle in issue here originated in New Hampshire. Pursuant to § 21 of Chapter 90D "[t]he validity and perfection of a security interest in a vehicle subject to such security interest when the vehicle is brought into the commonwealth is to be determined in accordance with the rules in [UCC § 9–103] . . ." Section 9–103(2)(b) provides:

"Except as otherwise provided in this subsection, perfection and the effect of perfection or nonperfection of the security interest are governed by the law . . . of the jurisdiction issuing the certificate until four months after the goods are removed from that jurisdiction and thereafter until the goods are registered in another jurisdiction, but in any event not beyond surrender of the certificate. After the expiration of that period, the goods are not covered by the certificate of title within the meaning of this section."

In the instant case, even assuming as I have perfection of the Bank's security interest by notation on the New Hampshire certificate of title, I find that the Bank's perfection has lapsed. The pleadings establish that Massachusetts issued the certificate of title on March 26, 1993. Even if the Debtor did not remove the vehicle from New Hampshire to Massachusetts until the date of filing of the application for a certificate of title in Massachusetts on March 4, 1993, perfection lapsed automatically in July of 1993 because there had been a change of location for over four months and reregistration occurred. *City of Boston v. Rockland Trust Co.*, 391 Mass. at 53, 460 N.E.2d at 1272 ("we conclude that the lapse of perfection occurs automatically when these two factors, i.e., change of location for over four months and reregistration, occur.").

The Bank's interest is unperfected and an order will enter denying the motion before the court.