**GENERAL MOTORS ACCEPTANCE CORPORATION, Appellant,**

v.

**Norman J. WALIGORA and Betty J. Waligora, Appellees.**

**No. CIV–82–16E.**

United States District Court, W.D. New York.

Nov. 12, 1982.

Gabriel J. Ferber, Buffalo, N.Y., for appellant.

Julius M. Ramm, Buffalo, N.Y., for appellees.

MEMORANDUM and ORDER

ELFVIN, District Judge.

General Motors Acceptance Corp. ("GMAC") appeals from an order of the Bankruptcy Court that, under section 544 of the Bankruptcy Code, the trustee could avoid a lien asserted by GMAC on the debtor's 1980 Corvette automobile and that GMAC's claim would be allowed on an unsecured rather than a secured basis. In a memorandum decision entered December 1, 1981, the Hon. John W. Creahan, Bankruptcy Judge in this district, held that GMAC did not have a perfected security interest in the automobile because the certificate of title issued with respect thereto did not list GMAC as a lienholder. For the reasons set out below, I have concluded that Judge Creahan's order must be affirmed.

The case was submitted to the Bankruptcy Court on the basis of stipulated facts. GMAC financed the debtor's purchase of the automobile from a dealer and acquired a valid lien on the car. Pursuant to the sale, an application for a certificate of title to the automobile listing the debtor as registrant and GMAC as a lienholder was delivered to the Erie County (N.Y.) Clerk as agent for the New York State Commissioner of Motor Vehicles.[1] Appropriate supporting documents were also submitted, the requisite fee was paid and the application was approved April 2, 1981. Nevertheless, the certificate of title as issued to the debtor did not indicate any lien on the vehicle; the space provided for recording the name of the lienholder was left blank. The debtor filed a petition in bankruptcy July 31, 1981.

Section 544(a) of the Bankruptcy Code, 11 U.S.C. § 544(a), grants to the trustee in bankruptcy the status of a judicial lien creditor with respect to the property of the debtor as of the time of the commencement of the bankruptcy proceeding and empowers the trustee to avoid any transfer of property of the debtor that could be avoided by such a creditor. Under section 2118(a) of New York's Vehicle and Traffic Law, a security interest in a motor vehicle for which a certificate of title is required is not valid against creditors of the owner or

---

1. Under section 205 of the Vehicle and Traffic Law, the clerk of each county (except Albany, Bronx, Kings, Queens, Richmond and New York) acts as agent of the Commissioner in the registration of motor vehicles.

subsequent transferees or lienholders of the vehicle without knowledge of the security interest unless the security interest is perfected. GMAC contends that its delivery of the appropriate documents to the Erie County Clerk for the issuance of the certificate of title was sufficient to perfect its lien on the debtor's automobile. Thus, it argues that the trustee may not avoid its security interest because at the time of the commencement of the bankruptcy case its security interest had been perfected. However, the trustee argues—and Judge Creahan properly held—that GMAC's lien was not perfected inasmuch as the certificate of title did not identify GMAC as a lienholder.

The manner of perfection of a security interest in a motor vehicle is set forth in section 2118(b)(1)(A) of the Vehicle and Traffic Law, which provides that:

"A security interest is perfected:

"(A) By the delivery to the commissioner of the existing certificate of title, if any, an application for a certificate of title containing the name and address of the lienholder and the required fee * * *."

On its face, section 2118(b)(1)(A) supports GMAC's contention that the mere delivery of an application for a certificate of title listing the name and address of the lienholder and supporting documents to the Commissioner is sufficient to perfect the lien, notwithstanding that the certificate of title which thereafter issued failed to list the lienholder. However, as the United States Court of Appeals for the Second Circuit has recently indicated, statutory construction must be accomplished in view of the particular statute's historical background as well as "the structure of the statute, and the relation, physical and logical, between its several parts." *United States v. Whiting Pools, Inc.,* 674 F.2d 144, 150 (2 Cir.1982). GMAC's proposed interpretation of section 2118 ignores various other provisions of Article 46 of the Vehicle and Traffic Law and would defeat the statute's underlying purpose.

■ Section 2108(a)(3) of the Vehicle and Traffic Law provides that the certificate of title shall contain the names and addresses of any lienholders. A lienholder need not rely on the owner of the automobile to have the lien noted on the certificate of title but may himself notify the commissioner of his lien. Vehicle and Traffic Law §§ 2118(b)(2)(B), 2119. Moreover, section 2127 provides that "[a] person aggrieved by an act or omission to act of the commissioner under this article [§§ 2101–2135] is entitled to a hearing [before the commissioner]." Thus, a lienholder who has been improperly omitted from the certificate of title has an available method of seeking relief from the Commissioner. *See,* Vehicle and Traffic Law § 2124. It should also be noted that the Commissioner is required to send to the lienholder notice that his lien has been recorded. *Id.,* § 2107(c) "When the commissioner issues a certificate of title for a vehicle * * * he shall also issue and mail to the lienholders * * * a notice of recorded lien." This is accomplished by sending to the lienholder a form known as an "MV–901." In the present case, GMAC did not receive a form MV–901 from the Commissioner, thereby suggesting that GMAC should have been aware that some error may have occurred in connection with the issuance of the debtor's certificate of title.

■ Taken together, these provisions indicate that a security interest in a motor vehicle subject to Article 46 is not perfected unless the security interest is properly noted on the certificate of title. Sections 2107, 2108, 2118, 2119, 2124 and 2127 basically enable a lienholder to protect himself from some clerical error such as an inadvertent omission from the certificate of title of his position as lienholder. Such protection would be wholly unnecessary if GMAC were correct in its argument that a security interest in a motor vehicle is perfected under section 2118 by the mere delivery of an appropriate application to the Commissioner regardless of whether the lienholder is thereafter identified on the certificate of title. To interpret section 2118 in such a manner would render these other provisions of Article 46 virtually meaningless.

Furthermore, Article 46 is intended to provide for the orderly transfer of motor vehicles and to protect purchasers as well as lenders. *See, Sec. Trust Co. of Rochester v. Valley Cadillac,* 91 Misc.2d 511, 398 N.Y.S.2d 194, 196 (S.Ct., Monroe Co., 1977). Under Article 46 a purchaser should be able to determine whether there are any outstanding liens on the automobile merely by examining the face of the certificate of title without referring to a central filing repository. GMAC's argument that the failure of the certificate of title to identify the lienholder does not affect the perfection of the security interest is simply contrary to the concept of public notice embodied in and underlying Article 46.

Cases dealing with the filing requirements of the Real Property Law (*Camfield v. Luther Forest Corp.,* 75 A.D.2d 671, 426 N.Y.S.2d 855 (3d Dept.1980)), the Uniform Commercial Code (*In re May Lee Industries, Inc.,* 380 F.Supp. 1 (S.D.N.Y.), *aff'd per curiam,* 501 F.2d 1407 (2d Cir.1974)) and the Personal Property Law (*Mutual Board & Packaging Corp. v. Oneida Nat. B. & T. Co.,* 342 F.2d 294 (2d Cir.1965)) are not controlling in the present case. Unlike the filing statutes there involved, Article 46 establishes a system of public notice somewhat akin to that of negotiable instruments.

Nor are *Zuke v. Mercantile Trust Company National Association,* 385 F.2d 775 (8th Cir.1967), and *Ford Motor Credit Co. v. Pedersen,* 575 S.W.2d 916 (Mo.1978), applicable. Both were decided under Missouri law, which does not contain any provision similar to section 2127 of New York's Vehicle and Traffic Law. *See,* Mo.Re.Stat. §§ 301.600 *et seq.* Furthermore, in New York the certificate of title is issued to the owner whereas under Missouri law the certificate of ownership is held by the primary or first lienholder. Mo.Rev.Stat. § 301.610. Thus, a purchaser of an automobile registered in Missouri receives notice of any lien on the vehicle because the seller himself does not have possession of the certificate of ownership. Under New York law the purchaser does not receive notice of the lien unless the lien is noted on the face of the certificate of title.

GMAC's reliance on *Exchange Nat. Bank of Tampa v. State,* 88 Misc.2d 444, 388 N.Y.S.2d 971 (Ct.Cl.1976), is similarly misplaced. That case dealt with the question whether the state could be held liable for negligently issuing a certificate of title which did not identify outstanding liens on the vehicle. The case does not, however, support GMAC's argument herein that its lien on the debtor's automobile was perfected.

Finally, permitting the trustee to avoid GMAC's lien does not produce an unjust or inequitable result. Article 46 provides ample protection for a lienholder whose lien has been erroneously omitted from the certificate of title. By failing to monitor its receipt *vel non* of notice from the Commissioner that its lien on the debtor's automobile has been recorded, GMAC simply failed to take advantage of the protection which Article 46 accords.

Therefore, the decision of the Bankruptcy Court is hereby ORDERED affirmed.