OPINION OF THE COURT
Memorandum.
Order unanimously reversed, without costs, defendant’s motion for summary judgment denied and matter remanded to the court below for all further proceedings.
*733 This is an action to recover possession of a 1978 Chevrolet or $3,400, the value thereof, upon the grounds that defendant bank had improperly repossessed the vehicle inasmuch as plaintiff had been issued a “certificate of title” by the Department of Motor Vehicles indicating no lien existing as to that vehicle.
The underlying facts giving rise to this case át bar are set forth in the opinion of the court below.
The court below correctly concluded that defendant had the right to take possession of the collateral pursuant to its perfected security interest regardless of the administrative negligence of the Department of Motor Vehicles. Plaintiff, even though without knowledge of the bank’s interest and relying upon the erroneous certificate of title issued for the vehicle, nevertheless can acquire no greater rights to the vehicle than that possessed by purchaser at the marshal’s auction. A levy by the marshal cannot void a secured party’s right to take possession of collateral on default (Uniform Commercial Code, § 9-503; General Motors Acceptance Corp. v Stotsky, 60 Misc 2d 451; Matter of Iselin & Co. v Burgess & Leigh, 52 Misc 2d 821). A seizure by the marshal is subject to the perfected security interest already existing and therefore the purchaser at a marshal’s sale cannot acquire any greater rights than that had by the marshal (Uniform Commercial Code, § 9-306, subd [2]; Matter of General Motors Acceptance Corp. v Maloney, 46 Misc 2d 251; Matter of Intermediate Credit Corp. v Overseas Nat. Airways, 41 Misc 2d 522).
Furthermore, while the Department of Motor Vehicles’ negligence may be actionable (see Hudleasco v State of New York, 90 Misc 2d 1057, affd 63 AD2d 1042), it does not alter the priority of the parties’ interests on the vehicle (see 15 NYCRR 20.18). A perfected security interest takes priority over a purchaser of the collateral, even though that purchaser is without knowledge of the lien (see Vehicle and Traffic Law, § 2118, subd [a]; Uniform Commercial Code, § 9-307; White Star Distrs. v Kennedy, 66 AD2d 1011). Plaintiff’s reliance upon the clear certificate of title is misplaced inasmuch as it is merely prima facie evidence of its contents, which, of course, may be rebutted (Vehicle and Traffic Law, § 2108, subd [c]).
*734 It follows that, there appearing no agreement otherwise, defendant had the right to repossess the vehicle (Uniform Commercial Code, §§ 9-503, 9-306; 54 NY Jur, Secured Transactions, § 278; 69 Am Jur 2d, Secured Transactions, § 585). Thereupon, defendant was entitled to dispose of the vehicle upon reasonable notification sent to plaintiff of the time and place of the sale (Uniform Commercial Code, §§ 9-504, 9-105, subd [1], par [d]; § 9-112). Defendant claims that both oral and written notice was given to plaintiff of the sale. It is evident from a review of defendant’s affidavits that defendant has not established or even alleged compliance with the notice requirements of subdivision (3) section 9-504 of the Uniform Commercial Code. While oral notice may, under certain circumstances, be sufficient (see Chase Manhattan Bank v Natarelli, 93 Misc 2d 78), such notice must still inform the recipient of the time and place of the proposed disposition of the collateral (see 69 Am Jur 2d, Secured Transactions, § 615; Sufficiency of Secured Party’s Notification of Sale or Other Intended Disposition of Collateral Under UCC § 9-504[3], Ann., 11 ALR4th 241, 257, 292). Other than alleging that plaintiff was notified of the sale, there is no claim by defendant that it informed plaintiff of the time and place of the sale.
Likewise, while defendant claims that notice of the sale was sent to plaintiff, defendant does not submit a copy of such notice or even describe the contents of such notice rendering it impossible to ascertain whether the notice itself was reasonable (see Ann., 11 ALR4th 241, 290).
Even were it to be assumed that the letter sent to plaintiff contained notification of the time and place of the sale, such notice cannot be considered reasonable inasmuch as it was mailed on August 25 and the car was sold on August 27. While reasonable notification is not defined in section 9-504 of the Uniform Commercial Code, at a minimum, the notice must be sent so that the persons entitled to receive it have sufficient time to take appropriate action to protect their interests (54 NY Jur, Secured Transactions, § 286; Marine Midland Bank-Rochester v Vaeth, 88 Misc 2d 657). Even assuming that plaintiff received the notice, at best he had only one day’s notice of *735 the sale, which is clearly insufficient (see 69 Am Jur 2d, Secured Transactions, § 615; Conti Causeway Ford v Jarossy, 114 NJ Super 382, affd 118 NJ Super 521; First Nat. Bank v Rose, 197 Neb 392; Chapman v Field, 124 Ariz 100).
It should be noted that where, as here, disposition of the collateral has been completed, the debtor or any other person entitled to notification, such as plaintiff, may recover from the creditor any loss caused by the creditor’s failure to give reasonable notice or to sell in a commercially reasonable manner (Uniform Commercial Code, § 9-507, subd [1]; § 9-112; Security Trust Co. v Thomas, 59 AD2d 242; Stanchi v Kemp, 48 AD2d 973).
It is evident from the foregoing discussion that summary judgment in favor of defendant was not warranted.
Pino, P. J., Buschmann and Kunzeman, JJ., concur.