**Thomas J. LUCAS and Bonnie Lucas, Plaintiffs,**

v.

**PENNBANK, Defendant.**

**No. CIV–90–467C.**

United States District Court, W.D. New York.

Feb. 14, 1992.

Jeffrey M. Freedman, Esq. (Kenneth B. Hiller, Esq., of counsel), Buffalo, New York, for plaintiffs.

Hornburg, Diggs & Marks (Robert J. Simon, Esq., of counsel), Olean, New York, for defendant.

CURTIN, District Judge.

## BACKGROUND

Pennbank appeals from a decision of the United States Bankruptcy Court for the Western District of New York entered in favor of Thomas and Bonnie Lucas ("Appellees"), holding that Pennbank's lien on the Appellees' car had not been perfected by the date of the bankruptcy filing, and that, consequently, Pennbank's claim was unsecured in all respects.

## FACTS

On April 27, 1989, the Appellees entered into a retail installment contract with McFadden Ford, Inc. ("McFadden"), in Jamestown, New York, for the purchase of a 1989 Ford "Probe" automobile. Pennbank financed the purchase and was, accordingly, assigned the installment contract by McFadden. The installment contract granted to Pennbank as assignee a security interest in the car, and representatives of McFadden delivered to the New York State Department of Motor Vehicles ("DMV") the documents and fees required by the New York State Vehicle and Traffic Law for issuance of a certificate of title to the automobile showing Pennbank as a lienholder. Delivery of these documents and fees was completed on May 1, 1989. The automobile was new, and no certificate of title for it had previously been issued.

Despite delivery to the DMV of all documents and fees required by New York State law, the certificate of title that was issued failed to show Pennbank as a lienholder due to an error by the DMV. There is no evidence in the record indicating that Pennbank received notice of the recorded lien from the DMV as also required by state law. The DMV, after becoming aware of its error, sent to the Appellees a letter dated July 17, 1989. In its letter, the DMV advised the Appellees that the certificate of title had been erroneously issued because it did not name Pennbank as a lienholder. The letter also advised the Appellees of the invalidation of the certificate in the Appellees' possession so that transfer of the car using the erroneous certificate could not occur. The DMV also directed in the same letter that the Appellees return the erroneous title certificate. The Appellees, however, did not return the certificate.

On August 25, 1989, the Appellees filed a Chapter 13 bankruptcy petition. The Appellees subsequently sought to have the Bankruptcy Court disallow Pennbank's secured claim on the ground that Pennbank's lien had not been perfected by the date of the bankruptcy filing. In response to the Appellees' motion, Pennbank's attorney submitted an affidavit and a supplemental affidavit, both of which are part of the record. The Bankruptcy Court ultimately decided against Pennbank and held that its claim against the car was unsecured. On November 16, 1989, the DMV issued a corrected certificate of title listing Pennbank as the lienholder and June 25, 1989, as the date on which the lien became valid.

## DISCUSSION

Section 2118(a) of the New York Vehicle and Traffic Law provides in relevant part that "a security interest in a vehicle of a type for which a certificate of title is re-

quired is not valid against creditors of the owner or subsequent transferees or lienholders of the vehicle without knowledge of the security interest *unless perfected as provided in this section.*" (McKinney 1986) (emphasis added). Section 2118(b)(1)(A) of the Vehicle and Traffic Law provides that a security interest in a motor vehicle is perfected:

> By the delivery to the commissioner of the existing certificate of title, if any, an application for a certificate of title containing the name and address of the lienholder and the required fee.

(McKinney 1986).

The Bankruptcy Judge relied on *General Motors Acceptance Corp. v. Waligora,* 24 B.R. 905 (W.D.N.Y.1982), in interpreting § 2118. In *Waligora,* as in this case, the Commissioner of the DMV mistakenly issued a certificate of title to the debtor that did not indicate the creditor's lien on the debtor's motor vehicle due to a clerical error. The creditor argued that § 2118(b)(1)(A) required only delivery of the appropriate documents and fees for perfection of its security interest regardless of whether the lien was listed on the certificate of title ultimately issued. The court found that § 2118 had to be interpreted in view of the underlying policy and other sections of Article 46 of the Vehicle and Traffic Law, and not taken at face value. *Id.* at 907. Citing several other statutory sections that enable a lienholder to protect itself from such clerical errors,[1] the court concluded that, taken together, those sections "indicate that a security interest in a motor vehicle subject to Article 46 is not perfected unless the security interest is properly noted on the certificate of title." *Id.* The court reasoned that the protection provided by these other sections of the Vehicle and Traffic Law would be entirely unnecessary if the creditor's argument were adopted, and affirmed the bank-

ruptcy court's determination that the bankruptcy trustee in that case had properly avoided the creditor's lien. *Id.* at 907–08.

Citing *Waligora,* the Appellees claim that, by failing to avail itself of the procedures provided by the Vehicle and Traffic Law against clerical errors of the type that occurred here, Pennbank voluntarily assumed the risk of losing the legal protections afforded a perfected security interest. The Appellees contend that Pennbank, upon failing to receive notice of the recorded lien as provided by § 2107(c),[2] should have inquired or demanded a hearing.

In response, Pennbank cites *Fitzpatrick v. Bank of New York,* 124 Misc.2d 732, 480 N.Y.S.2d 157 (Sup.Ct.App.Term., 1983), *rev'g* 118 Misc.2d 771, 461 N.Y.S.2d 703 (Civ.Ct.1983), which was decided after *Waligora* and which also construed § 2118 of the New York Vehicle and Traffic law. In *Fitzpatrick,* a purchaser of an automobile was issued a certificate of title that failed to note the debtor's lien on the car. Unbeknownst to the purchaser, the original owner of the car had defaulted on his loan payments to the debtor. The purchaser brought suit when the debtor, which had perfected its security interest pursuant to § 2118, repossessed the vehicle based on the loan default by the original owner. *See* 461 N.Y.S.2d at 705. The court concluded that the debtor had the right to take possession of the car "regardless of the administrative negligence of the [DMV]." 480 N.Y.S.2d at 159. The court held that "a perfected security interest takes priority over a purchaser of the collateral, even though that purchaser is without knowledge of the lien." *Id.* at 159 (citations omitted). Citing § 2108(c) of the Vehicle and Traffic Law, the court further held that "reliance upon [a] clear certificate of title is misplaced inasmuch as it is merely

---

**1.** The court cited §§ 2107, 2108, 2118, 2119, 2124, and 2127 of the Vehicle and Traffic Law.

**2.** Section 2107(c) provides:

> When the commissioner issues a certificate of title for a vehicle as a result of an original application for a title or as a result of the filing of a security interest, he shall also issue and mail to the lienholder or lienholders named in the original application, or to the lienholder who filed the subsequent security interest a notice of recorded lien. (McKinney 1986).

prima facie evidence of its contents, which, of course, may be rebutted." *Id.* at 159.[3]

Although the state court's interpretation in *Fitzpatrick* and the plain statutory language of §§ 2108 and 2118 clearly support Pennbank's contention that its security interest was perfected as soon as it met the conditions of § 2118(b)(1)(A), any potential conflict between *Fitzpatrick* and *Waligora* need not be addressed as the facts of *Waligora* are distinguishable from those of the case at bar.

In present case, unlike *Waligora*, the DMV became aware of the clerical error and sent a notice of revocation to the Appellees. The DMV's letter indicated that the lienholder's name had been omitted erroneously from the certificate of title issued to the Appellees, and that the Appellees should return the flawed certificate to the DMV. The Appellees, however, failed to comply with this direction even though they did not file for bankruptcy until well over a month later. Whether the certificate of title was properly revoked or suspended pursuant to § 2124 is not relevant here,[4] as the court considers the pertinent question to be whether a person acting in good faith would have acted as the Appellees did.

The Bankruptcy Judge found that, since the Appellees had nothing to gain personally from Pennbank having an unperfected security interest, and since they had not taken advantage of the erroneous certificate of title to deceive a third party, the Appellees had not acted in bad faith.

The Appellees have failed to provide this court with any reason for their failure to return the certificate of title. The Appellees were aware of the error, were asked to return the title, and were given ample time to comply.

If Pennbank was to be expected to act prudently to ensure that its lien would appear on the Appellees' certificate of title, then the Appellees should likewise be held responsible to act reasonably when given actual notice as to the omission of Pennbank's name on their certificate of title. It would be unfair to construe the statute so heavily in favor of the debtor so as to place the entire burden on the creditor to foresee and to plan for all possible contingencies.

Having been given reasonable notice and time to respond to the commissioner's letter, the Appellees had "unclean hands" at the time of the bankruptcy filing due to their failure to return the erroneous certificate of title. Regardless of whatever motive the Appellees may have had for not complying with the commissioner's request, Pennbank should not be penalized for the Appellees' failure to act. The only party standing to gain from the Bankruptcy Court's ruling are the Appellees' other unsecured creditors. There is no reason why Pennbank should be penalized for the mistake made by the DMV, which could have been corrected in a very simple manner by the Appellees.

Accordingly, the judgment of the Bankruptcy Court is hereby reversed.

So ordered.

---

**3.** In *Fitzpatrick,* the Appellate Term affirmed the lower court's interpretation of the Vehicle and Traffic Law, but reversed the case based on a separate issue that arose under New York's Uniform Commercial Code. *See* 480 N.Y.S.2d at 159–60. For the lower court's decision after remand, *see* 125 Misc.2d 1069, 480 N.Y.S.2d 864 (Civ.Ct.1983).

**4.** That section provides in relevant part:

(a) The commissioner shall suspend or revoke a certificate of title, upon notice and reasonable opportunity to be heard ... when authorized by any other provision of law or if he finds:
(1) The certificate of title was fraudulently procured or erroneously issued....
N.Y.Veh. & Traf.L. § 2124(a)(1).