In re John V. OARE, Jr. and Donna M. Oare, Debtors.

John V. OARE, Jr. and Donna M. Oare, Plaintiffs,

v.

LOBEL FINANCIAL CORP., Defendant.

Bankruptcy No. 94–13639.
Adv. No. 94–91214.

United States Bankruptcy Court, N.D. New York.

May 4, 1995.

Ellen S. Ross, Johnstown, NY, for plaintiffs.

DeGraff, Foy, Holt–Harris & Mealey (Peter G. Barber, of counsel), Albany, NY, for defendant.

## MEMORANDUM–DECISION

JOHN J. CONNELLY, Bankruptcy Judge.

This matter is before the court upon a motion for summary judgment filed by Lobel Financial Corp. ("Lobel" or "Defendant"). Lobel has separately moved for relief from stay as to a 1989 Dodge Ramcharger, which is the subject of the complaint (C.P. No. 29). A reply affirmation has been submitted by the debtors and memoranda filed by both parties outlining their respective positions. This memorandum-decision shall address both the motion for summary judgment and the motion for relief from stay.

*FACTS*

The basic facts are undisputed. On May 19, 1993, the debtors, John and Donna Oare ("debtors"), purchased a 1989 Dodge Ramcharger from American Matchmaker Leasing ("American"). In connection with the purchase, the debtors executed a Retail Installment Contract and Security Agreement in favor of American granting American a security interest in the vehicle. On the same day, American assigned its security position to Lobel. The debtors executed a New York State Division of Motor Vehicles Form MV–82 naming Lobel as lienholder. Nevertheless, due to an error by the New York State Department of Motor Vehicles, when the title issued, Mercantile Bank was incorrectly listed in place of Lobel as the lienholder.[1]

On October 6, 1994, the debtors filed a petition under chapter 13 of the Bankruptcy Code which was converted to a chapter 7 proceeding on January 12, 1995. On Schedule B–Personal Property, the 1989 Dodge truck is listed with a value of $7,500. On Schedule D, the debtors list Lobel as a secured creditor, secured against the truck in the amount of $7,500, with an unsecured deficiency claim in the amount of $1,735.95. As part of the listing, the debtors typed in the words, "Security Agreement."[2] On November 3, 1994, Lobel filed a secured proof of claim in the amount of $6,965.29, with a copy of the Retail Installment Contract and Security Agreement attached.

The debtors initiated the present adversary proceeding on December 9, 1995. The complaint seeks to reclassify defendant's claim as unsecured and declaratory relief that Lobel does not have a lien upon plaintiff's vehicle.

Under Schedule C—Property Claimed as Exempt, the debtors have listed the 1989 Dodge truck. The listed owner on the title to the vehicle is Donna Oare. The debtors recognize that pursuant to § 282(1) of the New York Debtor and Creditor Law, the debtors are entitled to exempt: "one motor vehicle not exceeding twenty-four hundred dollars in value above liens and encumbrances." *McKinney's Consolidated Laws of New York* (1990). It is the debtors' contention that if they are successful in avoiding Lobel's security interest in the vehicle, that they may claim $2,400 of the vehicle as exempt pursuant to the foregoing statute and be entitled to utilize the alternative cash exemption contained in § 283(2) of the New York Debtor and Creditor Law to exempt the remaining equity in the car. (See Debtors' Memorandum of Law, C.P. No. 8).

On February 24, 1995, Lobel moved for relief from the automatic stay under 11 U.S.C. § 362(d)(1) and (2), on the grounds that its collateral, valued in the NADA book

---

1. In a declaration dated February 21, 1995, Laura Roberson, vice-president of Mercantile Bank, states that Mercantile Bank was erroneously placed as lienholder on some 300 vehicles in late 1993. Mercantile Bank disavows any interest in the vehicle in question. (Exhibit 3 to Motion for Summary Judgment).

2. The listing is identical both in the original schedules filed on October 6, 1994 and in resubmitted schedules filed on January 12, 1995.

between $5,650 (loan value) and $8,200 (retail value) was depreciating, that it lacked adequate protection and that the debtors had no equity in the property.

After hearing oral argument on March 16, 1995, the court reserved decision on both the motion for relief from stay and the motion for summary judgment.

## SUMMARY JUDGMENT

■ The law is well settled that summary judgment must be granted where there exists "no genuine issue as to any material fact [such] that the moving party is entitled to judgment as a matter of law." *Federal Deposit Insurance Corp. v. Bernstein,* 944 F.2d 101, 106 (2d Cir.1991, quoting Fed.R.Civ.P. 56(c)). The facts before the court are undisputed and the parties in support of their respective positions seek the entry of summary judgment as a matter of law.

## DISCUSSION

■ Section 9–302(3)(b) of the New York Uniform Commercial Code ("NYUCC") makes clear that filing is not required or effective to perfect a security interest in personal property covered by the New York Uniform Vehicle Certificate of Title Act, set forth at Article forty-six of the Vehicle and Traffic Law. ("V & T Law") NYUCC § 9–302(3)(b) (*McKinney's Consolidated Laws of New York* 1990.) While the perfection of a security interest in a motor vehicle is governed by applicable provisions of the Vehicle and Traffic Law, the creation of that security interest is still controlled by the provisions of the New York Uniform Commercial Code.

■ Under NYUCC § 9–203, a security interest attaches and becomes enforceable against the debtor when all three of the following events take place: 1) the debtor has signed a security agreement describing the collateral; 2) value has been given; and 3) the debtor has rights in the collateral. NYUCC §§ 9–203(1) and (2), (*McKinney's Consolidated Laws of New York* 1990). Since all three of the foregoing events occurred simultaneously, Lobel acquired a security interest in the vehicle enforceable against the debtor upon receipt of the assignment from American on May 19, 1993. By virtue of that assignment, Lobel became a secured creditor.

The parties in their briefs argue as to whether or not Lobel's security interest was "perfected" under the Vehicle and Traffic Law.[3] Although the court favors the line of authority which would uphold finding Lobel's security interest perfected under the circumstances, the court finds that it does not reach that issue in resolving the present controversy.

Although the debtors' complaint is couched as an objection to the secured status of Lobel's claim, the relief sought is to avoid the lien obtained by Lobel. The debtors are, in essence, attempting to assert the strong arm powers which the trustee assumes as a judicial lien creditor without notice pursuant to 11 U.S.C. § 544. However, it is not the trustee but the debtors who are bringing the present action. The ability of the debtors to exempt property and similarly avoid transfers and recover property is carefully circumscribed by the language of 11 U.S.C. §§ 522(g) and (h).[4] Under the foregoing sec-

3. The debtors contend that Lobel's security interest was not perfected because Lobel's name is not noted on the Certificate of Title, relying upon *General Motors Acceptance Corp. v. Waligora,* 24 B.R. 905 (W.D.N.Y.1982). Lobel claims that the tender of the properly completed application for title to the Department of Motor Vehicles constituted perfection of its security interest, relying upon N.Y. Vehicle & Traffic Law § 2118(b)(1)(A) (*McKinney's Consolidated Laws of New York* 1986) and *In re Beaudoin,* 160 B.R. 25, 30 (Bkrtcy.N.D.N.Y.1993).

4. 11 U.S.C. §§ 522(g) and (h) read as follows:

(g) Notwithstanding sections 550 and 551 of this title, the debtor may exempt under subsec-

tion (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if—

(1)(A) such transfer was not a voluntary transfer of such property by the debtor; and

(B) the debtor did not conceal such property; or

(2) the debtor could have avoided such transfer under subsection (f)(2) of this section.

(h) The debtor may avoid a transfer of property of the debtor or recover a setoff to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if

tions, the ability of the debtors to exempt property which the trustee could have recovered is premised upon the requirement that the transfer "... was not a voluntary transfer of such property by the debtor." 11 U.S.C. § 522(g)(1)(A). Since the original granting of the lien to American is based upon a consensual agreement signed by the debtors, the assignment of which forms the basis for Lobel's rights in this matter, the debtors are prevented from obtaining the relief which they seek in the adversary proceeding. Accordingly, the defendant is entitled to a judgment of dismissal as a matter of law. Fed.R.Civ.P. 56(c). A separate judgment shall issue dismissing the complaint with prejudice.

■ As to the truck, in the absence of ongoing payments being made by the debtors, Lobel is entitled to relief from the stay pursuant to 11 U.S.C. § 362(d)(1). Accordingly, it is hereby ordered that the provisions of 11 U.S.C. § 362 shall not apply to that certain 1989 Dodge Ramcharger, identified by Vehicle identification number 3B4GM1741KM954046, and, Lobel is free to exercise its rights under state law.

This memorandum-decision shall be docketed in both the main case and the adversary proceeding.

It is so ORDERED.

JUDGMENT DISMISSING COMPLAINT

This matter came before the court upon the defendant's motion for summary judgment dismissing the complaint. The complaint filed by the debtors seeks to reclassify the secured claim of Lobel Financial Corp. and to avoid a lien against a 1989 Dodge Ramcharger. A separate memorandum-decision has been entered this day.

Accordingly, it is ORDERED, ADJUDGED, and DECREED that summary judgment be granted in favor of the defen-

(1) such transfer is avoidable by the trustee under section 544, 545, 547, 548, 549, or 724(a) of this title or recoverable by the trustee under section 553 of this title; and

dant and that the complaint be and the same is hereby dismissed with prejudice.

It is so ORDERED.

(2) the trustee does not attempt to avoid such transfer.