In re Dennis A. and Dawn
M. FISHER, Debtors.

Bankruptcy No. 95–20450.

United States Bankruptcy Court,
W.D. New York.

Aug. 23, 1995.

Robert S. Cooper, Rochester, NY, for debtors.

C. Bruce Lawrence, Rochester, NY, for Creditor Eastern Heights State Bank.

John A. Belluscio, Chapter 7 Trustee, Rochester, NY.

## DECISION & ORDER

JOHN C. NINFO, II, Bankruptcy Judge.

### BACKGROUND

On March 7, 1995, the debtors, Dennis A. Fisher and Dawn M. Fisher, (the "Debtors") filed a petition initiating a Chapter 7 case. On March 23, 1995, the Office of the United States Trustee filed its designation of John A. Belluscio, Esq. as trustee (the "Trustee"). The minutes filed with the Court of a Section 341 Meeting of Creditors conducted by the Trustee on April 13, 1995 indicated that the Certificate of Title for the Debtors' 1993 Eagle Talon (the "Eagle Talon") did not set forth a lienholder, so the Trustee requested that the Debtors have the vehicle appraised and present him with an offer to purchase any non-exempt equity.

On June 12, 1995, Eastern Heights State Bank ("Eastern") filed a motion (the "Extension Motion"), returnable June 21, 1995, to extend Eastern's time to file a complaint objecting to the Debtors' discharge pursuant to Section 523. The Debtors did not object to the Extension Motion and on July 10, 1995 a Stipulated Order was entered which extended the time for Eastern to file a complaint to August 14, 1995.

On August 2, 1995, Eastern filed a Motion for Relief from the Automatic Stay (the "Eastern Stay Motion") to allow the New York State Department of Motor Vehicles (the "DMV") to revoke the existing title on the Eagle Talon and issue a new Certificate of Title *nunc pro tunc* to October 8, 1994 which would properly set forth Eastern as a first lienholder on the vehicle.

The Eastern Stay Motion alleged that: (1) on February 1, 1993, at a time when the Debtors resided in Minnesota, they executed a Retail Installment Contract which granted the seller of the vehicle a purchase money security interest in the Eagle Talon; (2) the Retail Installment Contract was thereafter assigned to Eastern; (3) a certificate of title was issued for the Eagle Talon by the Minnesota Department of Public Safety, Driver and Vehicle Services Division, which listed Eastern as a first lienholder; (4) in January, 1994 the Debtors moved to New York; (5) because the existing Minnesota registration was due to expire in October, 1994, on September 11, 1994 Dennis Fisher presented the DMV with a completed MV-82 form (a request for a New York Certificate of Title), a DT-803 Sales Tax Exemption form and the Minnesota certificate of title which showed Eastern as a lienholder; (6) the DMV inadvertently failed to set forth Eastern as a lienholder on the New York State Certificate of Title which it issued on October 8, 1994; (7) the DMV had indicated that upon the request of Eastern together with proof that it was a lienholder on the Minnesota certificate of title submitted to it in September, 1994, it would revoke the existing New York Certificate of Title on the Eagle Talon and issue a new title, dated as of October 8, 1994, which would set forth Eastern as a lienholder; (8) Eastern was unaware that the Debtors had left Minnesota prior to the filing of their Chapter 7 case; and (9) to allow the Trustee to assert a superior lien creditor position pursuant to Section 544 of the Bankruptcy Code, based upon an administrative error of the State of New York and not upon any failure of Eastern or any act by the Debtors, would be inappropriate and inequitable.

On August 9, 1995, the Trustee filed opposition to the Eastern Lift Stay Motion which asserted that: (a) the relief sought by Eastern should be by adversary proceeding in accordance with Rule 7001(2) of the Rules of Bankruptcy Procedure; (b) granting the relief requested by Eastern would be to the detriment of all of the Debtors' unsecured creditors; and (c) Eastern's remedy may be a cause of action against the State of New York for negligently failing to set forth its lien on the existing New York Certificate of Title.

The Debtors also interposed opposition to the Eastern Stay Motion by their own Affidavit filed on August 4, 1995 and an Affidavit

of their attorney filed on August 11, 1995. The Debtor's opposition asserted that: (1) the relief being requested by Eastern should be sought by an adversary proceeding in accordance with Rule 7001(2) of the Rules of Bankruptcy Procedure since it was in essence a request for a determination by the Court of the validity of a security interest; and (2) Eastern's lien should be deemed to be unperfected since it was not recorded on the New York Certificate of Title at the time of the Debtors' bankruptcy filing and, therefore, is avoidable by the Trustee pursuant to the "strong arm" provisions of Section 544.

## DISCUSSION

■ From the facts of this case it is clear that the provisions of Section 2118(b)(1)(A) of the New York Vehicle and Traffic Law[1] were complied with in that all of the appropriate documents were presented to the DMV and fees paid which should have resulted in Eastern being listed as a lienholder on the October 8, 1994 New York Certificate of Title. The only reason that Eastern was not listed on the Certificate of Title was because of the administrative negligence of the DMV.

Bankruptcy Judge Stephen D. Gerling in his decision in *In re Beaudoin*, 160 B.R. 25 (Bankr.N.D.N.Y.1993), a case with facts similar to this case, set forth all of the relevant statutory provisions under the New York Vehicle and Traffic Law, the relevant New York case law, including *Fitzpatrick v. Bank of New York*, 118 Misc.2d 771, 461 N.Y.S.2d 703 (N.Y.City Civ.Ct.) *rev'd on other grounds*, 124 Misc.2d 732, 480 N.Y.S.2d 157 (N.Y.Sup.1983)[2], the relevant case law in the Western District of New York, including *Lucas v. Pennbank*, 142 B.R. 68 (W.D.N.Y. 1992), which was decided after *Fitzpatrick*,

and a thorough analysis and persuasive decision as to why the Trustee in that case, where the DMV had failed to list a creditor's lien, was unable to avoid the creditor's unlisted lien under Section 544(a)(1). The facts in *In re Beaudoin* were very similar to the present case in that the debtors relocated from Michigan to New York, properly applied for a certificate of title, and the newly issued certificate failed to note the lien because of a DMV clerical error. The Court found that "[n]othing in the statute conditions perfection on the appearance of the lienholder's name on the issued certificate of title.... [M]ere compliance with the prescribed filing requirements, to wit, the delivery of a proper application and supporting documentation, if any, is sufficient to perfect a security interest." *Id.* at 30–31.

■ This Court concurs with Judge Gerling's decision in *In re Beaudoin*, and further believes that it would be an inequitable windfall for the Debtors' estate and its unsecured creditors for the valid lien of Eastern to be avoided pursuant to Section 544(a)(1). Furthermore, the unlisted Eastern lien, which was the result of the negligence of the DMV, is not the kind of "secret lien" which Section 544 was meant to allow a Trustee to avoid.

■ Although the Court's determination as to the validity of the Eastern lien on the Eagle Talon as against the Trustee may more properly have been sought by an adversary proceeding pursuant to Rule 7001[3] of the Rules of Bankruptcy Procedure, it appears that Eastern proceeded by motion in an attempt to present the matter to the Court for a decision in a more timely and inexpensive fashion. Given the facts and cir-

1. New York Vehicle and Traffic Law Section 2118(b)(1)(A) provides:

   A security interest is perfected:
   (A) By the delivery to the commissioner of the existing certificate of title, if any, an application for a certificate of title containing the name and address of the lienholder and the required fee.

2. Construing N.Y.Veh. & Traf.Law § 2108(c), as applied to a case where a lien was not noted on the certificate of title due to the administrative negligence of the DMV, the Court held that "reliance upon the clear certificate of title is mis-

placed inasmuch as it is merely prima facie evidence of its contents, which, of course, may be rebutted." *Fitzpatrick v. Bank of New York*, 124 Misc.2d 732, 480 N.Y.S.2d 157, 159 (N.Y.Sup. 1983).

3. Rule 7001(2) of the Rules of Bankruptcy Procedure provides:

   An adversary proceeding is governed by the rules of this Part VII. It is a proceeding:
   (2) to determine the validity, priority, or extent of a lien or other interest in property, other than a proceeding under Rule 4003(d).

cumstances in this case, which are not in dispute, an adversary proceeding was not and would not be efficient or cost effective for the parties.

## CONCLUSION

 The motion of Eastern Heights State Bank is granted and the automatic stay provided by Section 362 is hereby modified to allow the New York State Department of Motor Vehicles to revoke the existing New York Certificate of Title covering the Debtors' 1993 Eagle Talon and to reissue a Certificate of Title, dated as of October 8, 1994, which lists Eastern Heights State Bank as a first lienholder.

**IT IS SO ORDERED.**